# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN D. CRAWFORD, JERRY CRAWFORD,
and MARTHA PROCTOR, Individually and
As the Personal Representative of JOE BEN
ASHBY, Jr.,

      Plaintiffs,

v.                                                                                       Civil No. 02-0386 WJ/JHG

KAREN L. PARSONS, MARK TAYLOR,
LEE GRIFFIN, ANNE ASHBY, R. JACK
AYERS, Jr., and CONTINENTAL
ASSURANCE COMPANY, d.b.a.
CNA STRUCTURED SETTLEMENTS, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court *sua sponte* and upon Defendant Parsons' Motion for Attorney Fees and Costs, filed September 13, 2002 **(Doc. 47)**, Defendant Ayers' Motion for Fees, Costs and Sanctions, filed September 16, 2002 **(Doc. 48)**; Defendant Ashby's Motion for Fees, Costs and Sanctions, filed September 16, 2002**(Doc. 49)**; Supplemental Motion by Defendant Ayers for fees, Costs and Sanctions **(Docs. 64-1, 64-2);** Motion by Plaintiffs to Extend Time to File Motion for Limited Entry of Appearance and Responses to Motion for Attorney Fees and Costs, or in the Alternative, for Nunc Pro Tunc Entry of Limited Appearance by Richard Valle **(Docs. 58-1, 58-2)**. In an Order entered October 16, 2002 (Doc. 61), this Court offered these Defendants an opportunity to cure deficiencies in their requests for fees and costs, and deferred ruling on the motions pending submission of such documentation.

**Background**

The underlying action arose from a struggle for control over the estate of the late Joe Ben "Jodie" Ashby, who was rendered incapacitated following an accidental injury in January, 2001. I dismissed Plaintiffs' claims for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and judicial immunity, and declined to exercise supplemental jurisdiction over the state claims in the case. Plaintiffs have appealed the dismissal to the Tenth Circuit. Doc. 46 (Notice of Appeal).[1]

*Limited Entry of Appearance by Crawford's Insurer*

During the pendency of this case, Plaintiffs have been represented by attorneys Patricia Ortiz, Esq. and Hugo Torbet, Esq., who later filed responses opposing each Defendant's request for fees. (Docs. 51, 52, 53). Responses in opposition to the fees were also filed by an attorney (Richard J. Valle, Esq.) appointed by the Crawfords' insurance carrier, for the limited purpose of defending against the requests for fees and costs. (Doc. 54 and 55). Plaintiffs' objections to costs were stricken by this Court based on a failure to comply with local rules. (Doc. 56). Mr. Valle subsequently sought an extension of time in which to file a motion for a limited entry of appearance and to respond to the motions for attorney fees and costs. (Doc. 58) In the alternative, Mr. Valle requests a *nunc pro tunc* entry of limited appearance. Defendants Parsons and Ayers do not object to the Court's consideration of a response filed by Mr. Valle, while other Defendants have not responded at all to Mr. Valle's motion.[2]

---

[1] Martha Proctor withdrew from the case prior to the Court's ruling on the Plaintiffs' claims.

[2] Plaintiffs represent that Mr. Ayers opposes the motion, see Mot. to Enlarge Time at 2, ¶ 9. However, in his response, Defendant Ayers on the contrary states that he has no objection to

I will allow Plaintiffs' motion on the basis of a *nunc pro tunc* appearance for several reasons. Allowing an extension of time for Mr. Valle to enter a limited appearance would simply delay what has become a protracted issue. Also, Defendants have had an opportunity to fully respond to the objections to fee requests which Mr. Valle has already presented to the Court (Doc. 55). Further, granting the motion *nunc pro tunc* not only eliminates the empty exercise of Mr. Valle having to resubmit a pleading, but avoids the possibility of Plaintiffs' raising additional arguments in a new one, to which Defendants might argue a need to respond. Therefore, I will consider the response to the motions for fees, costs and sanctions filed by Mr. Valle (Doc. 55). The Court's Order striking Crawford's objections by Crawford to the bill of costs (Doc. 56) will be vacated.[3]

## Discussion

### I.    *Statutory Basis for Fee Requests*

Defendants seeks fees under 42 U.S.C. §1988, 28 U.S.C. §1927, and the Court's "inherent power."[4]

---

either the motion or to the Court's consideration of the Crawford's response in light of its procedural deficiencies.

[3] Because the Order concerned only Crawford's objections to the bill of costs, Crawford's response to the motions for fees and sanctions is still before the Court.

[4] Defendants are not seeking sanctions under Fed.R.Civ.P.11, recognizing that they did not afford Plaintiffs advance notice as required under Rule 11(c)(1)(A). This "safe harbor" provision does not apply to a court's imposition of sanctions *sua sponte*. However, under Rule 11(c)(2), a court can order a monetary penalty to be paid to the court directly but cannot on its own initiative order an award of fees to an opposing party. Given the nature of Defendants' requests, an award of fees is more appropriate under alternate statutory bases. See Ridder v. City of Springfield, 109 F.3d 288, 297-98 (6th Cir. 1997), cert denied, 522 U.S. 1046 (1998) (imposing monetary sanctions pursuant to §1927 in case where Rule 11 did not apply).

A.      *42 U.S.C. § 1988*

In federal civil rights actions "the court, in it discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." §42 U.S.C. 1988(b). Phelps v. Hamilton, 120 F.3d 1126, 1129 (10th Cir. 1997). A defendant can recover fees under this statute only when a plaintiff's suit is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).   Since an award of fees under § 1988(b) applies only to civil rights cases, only Defendant Parsons is entitled to request fees under this statute.[5]  Further, when considering Defendants' requests, I am required to keep in mind that a fee award under § 1988(b) is an award to a party, and not the attorneys. Roadway Express, Inc. v. Piper, 447 U.S. 572, 762 (1980); Weeks v. Indep.Sch. No. I-89 of Okla. County, Okla Bd. of Educ., 230 F.3d 1201, 1213 (10th Cir. 2000).

B.      *Section 1927*

Under 28 U.S.C. §1927, "[a]ny attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct." Sanctions under § 1927 are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the  court." Resolution Trust Corp. v. Dabney et al, 73 F.3d 262, 265 (10th Cir. 1995).[6]

---

[5] Only state claims were alleged against Defendants Ayers and Ashby.

[6] The amount of a cost award is limited to costs available under 28 U.S.C. § 1920. Roadway Express, Inc., v. Piper, 447 U.S. 752, 757-61 (1980).

C.      *Inherent Power of Court*

Circumstances that may justify sanctions pursuant to a court's inherent power include cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. A court can resort to this power to impose sanctions even where the conduct is sanctionable under other rules of court.  However, restraint and caution must be used because resort to these inherent powers is not preferred when other remedies are available.  Prudential Ins. Co. America Sales Prac. Liti. Agent Actions, 278 F.3d 175, 188-89 (3rd Cir. 2002).

II.     *Standard for determination of reasonable fee*

To make the initial determination of what amount is a reasonable fee, the Court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (federal district court has discretion to determine the amount of a fee award). The result is called the lodestar. Case v. Unified School Dist. No. 233, Johnson County, Kan., 157 F.3d 1243, 1249 (10th Cir. 1998). The district court has discretion to either accept the lodestar as the reasonable amount to award the prevailing party, or the court may adjust the lodestar upward or downward, depending on the circumstances of the case. Hensley, at 436- 37.

In determining a reasonable hourly rate award, the Court should consider "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum v. Stenson, 465 U.S. 886, 895 (1984); Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983).  The district court should base its hourly rate award on what the evidence shows the market commands for analogous litigation. Case v. Unified School Dist. No. 233, Johnson County, Kan., 157 F.3d 1243, 1255-56 (10th Cir.

1998) (citation omitted)

### *Requests for Fees by Individual Defendants*

A.   <u>*Defendant Parsons*</u>

I need not belabor the merits of Plaintiffs' claims (or lack thereof) against the individual Defendants in order to provide a sufficient basis for the award of attorney fees. The severe shortcomings of Plaintiff's claims are described in detail in the Court's memorandum opinion and order dismissing the case (Doc. 44). Plaintiffs alleged constitutional claims against Defendant Parsons, the state court judge who presided over the matters of temporary conservatorship and Plaintiff's noncompliance with terms of a court-approved settlement of the estate. I find that dismissal of those claims on the basis of judicial immunity as well as the <u>Rooker-Feldman</u> doctrine justifies an award of fees and sanctions.

The present case is analogous to the situation that arose in <u>Crabtree v. Muchmore</u>, 904 F.2d 1475, 1476 (10th Cir. 1990), which affirmed the district court's grant of judgment in favor of the defendant judge on grounds of absolute judicial immunity and its award of attorney's fees as sanctions under Fed.R.Civ.P. 11 and 42 U.S.C.§ 1988;<u>see also</u> <u>Van Sickle v. Holloway</u>, 791 F.2d 1431 (10th Cir. 1986) (affirming dismissal of "frivolous and malicious" a pro se complaint alleging that several state and federal judges violated and conspired to violate plaintiff's civil rights by intentionally failing to rule on his slander claim, imposing sanctions under inherent authority of court of appeals, and declining at that juncture to award attorney fees). Plaintiff John Crawford is himself a licensed attorney. Thus, both 42 U.S.C. § 1988 and 28 U.S.C. § 1927 provide appropriate bases for the award, since a fee award under § 1988 is an award to a party, and can

only be authorized against a party rather than against the party's attorney,[7] while sanctions under § 1927 applies only to attorneys.[8] An award under both statutes effectively renders both Plaintiffs and their attorney liable for the award of fees and sanctions. I decline to apportion the amount of fees and sanctions between Plaintiffs and their counsel, but rather leave allocation to those parties to resolve.

      Counsel for Defendant Parson seeks an fee award in the amount of $4,662.50,[9] for 37.3 hours of work at an hourly rate of $125.00, which I find to be a very reasonable rate. Plaintiffs' claims against Defendant Parsons formed the linchpin in bringing this action into federal court but were unquestionably barred by the doctrine of judicial immunity. I have considered Plaintiffs' objection to the request on the grounds that the time records include work not directly related to the motion to dismiss.[10] However, because I find that Plaintiffs' claims against Defendant Parsons

---

[7] See Weeks v. Indp.Sch. No. I-89 of Okla. County, Okla Bd. of Educ., 230 F.3d 1201, 1213 (10th Cir. 2000)(attorney lacks separate standing to appeal from a judgment awarding or denying fees to a party, since such concessions are granted to parties, not their attorneys); Simmerman et al., v. Corino et al., 27 F.3d 58, 61 (3d Cir. 1994) (noting that an award under § 1988 could only be authorized against the plaintiffs themselves, rather than against plaintiffs' attorney, and issuing sanctions under Rule 11 instead of 42 U.S.C. § 1988)); Roadway Express, Inc. v. Piper, 447 U.S. 572, 762 (1980) (court may not award fees against opposing counsel, noting § 1988 makes no mention of attorney liability for costs and fees).

[8] See Chambers v. NASCO, Inc. 501 U.S. 32 (1991) (§ 1927 applies only to attorneys).

[9] Counsel originally sought a fee amount of $4,645.00. However, the total for the itemized accounts for what was or will be billed to Defendant Parsons, is $4662.50. Exs. A, B, Suppl. Affidavit (Doc. 62).

[10] Under the specific language in the Court's order of dismissal, parties were "invited" to "seek reimbursement for their time and expense involved in the preparing and filing of the instant motions to dismiss." Doc. 44, at 14-15; see also Doc. 61 at 3 (reminding Defendants to "keep in mind that the Court's initial purpose was to make it possible for Defendants to be reimbursed only for fees and /or expenses related to the filing of their motions to dismiss . . . .").

were particularly egregious in their total lack of merit, I am exercising my discretion and will award counsel fees for the full amount of hours worked, which amounts to $4,662.50.

B.      *Defendant Ayers*

Because Plaintiffs did not allege federal constitutional claims against Ayers, an award of fees and sanctions is not appropriate under § 1988. Chapman v. Luna, 102 N.M. 768, 770 (1985), cert. denied, 474 U.S. 947 (1985) (holding that § 1988 attorney fees should not be awarded in the absence of a complaint pleading 42 U.S.C. § 1983 or a federal constitutional violation specifically). Ayers represented Anne Ashby, Jodie Ashby's daughter, in the estate and conservatorship proceedings. During the course of the state court litigation, Ayers filed a motion for a restraining order against Plaintiffs, and a motion to enforce the settlement agreement. The state law claim of malicious abuse of process Plaintiffs asserted against Ayers in the instant action was dragged into this Court on the heels of a patently frivolous federal claim against a state court judge, which a minimal exercise of reason should have prevented.[11] Section 1927 provides a deterrent to an abuse of the judicial process, Hidahl v. Gilpin County Dep't of Soc'l Serv., 699 F.Supp. 846, 849 (D.Colo. 1988), which I find has occurred with the filing of this lawsuit. It should have been clear that Plaintiff's claims were devoid of merit (particularly the federal claims against a state court judge who presided over a judicial proceeding, which was Plaintiff's "ticket" into federal court). Plaintiffs would be hard put to argue otherwise, since one of them is a licensed attorney. Cmp. Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998)(failure to cite key case not sanctionable under § 1927 because reasonable inquiry of issue would not have

---

[11] Judicial review of the state claims in the underlying case, like the federal claims asserted against other Defendants, were precluded by the Rooker-Feldman doctrine.

necessarily led to that case). Further, judging from the pleadings and exhibits relating to the history of the underlying estate matter, it is obvious that highly emotional and personal issues were at stake, providing momentum to Plaintiffs' decision to initiate and pursue the lawsuit. McCandless v. Great Atlantic & Pacific Tea Co., 697 F.2d 198, 200 (7th Cir.1983) (relevant factors to consider in imposing sanctions under § 1927 are: meritlessness of claim, reasons for filing suit, and whether attorney was aware of meritlessness).

I therefore find that Plaintiff's conduct in filing and proceeding with this federal lawsuit comes within the conduct § 1927 envisions as sanctionable. Plaintiffs in this case can be charged with knowledge of Tenth Circuit precedent[12] which should have made it clear that their claims could not possibly succeed. Instead, Plaintiffs forged ahead with the litigation, causing Defendants to file a of myriad of motions on which the Court was required to rule, and resulting in an increase of expense and resources for both the parties and the Court. Whether Plaintiffs have demonstrated bad faith in pursing their claims is not relevant, since sanctions under § 1927 are warranted "not only for subjective bad faith conduct but also for 'reckless indifference to merits of a claim.'" Braley v. Campbell et al, 832 F.2d 1504, 1511 (10th Cir. 1987) (quoted case omitted).

However, the Court will not award Defendant Ayers the full amount he seeks. Ayers, also a licensed attorney, both represented himself *pro se* and hired the law firm of Riley, Shane and Hale to defend him against Plaintiffs' claims. Reimbursement for his own time -- or time an associate of his own law firm spent on his case -- *in addition to* fees he is obligated to pay Riley,

---

[12] Plaintiffs would have been on notice of such case law with the earlier motions to dismiss, yet Plaintiffs continued to aggressively litigate their claims.

Shane and Hale in connection with the same motion to dismiss, is simply unjustified.  Further, in reviewing the amounts requested under reimbursement for his own time, I find that the line between Ayers' role as a client and as a self-advocate is quite blurred.[13]  For these reasons, I will not award Ayers $5,143.00, the amount requested in Exhibit 1 of his motion for fees.

In reviewing the time logs submitted for the work done by Riley, Shale and Hale for Ayers' defense (Doc. 60, Ex. 3), I note that a substantial number of items are not related to the preparation and submission of Ayers' motion to dismiss, for which this Court in its discretion has limited the award of fees.  See note 10, above.  However, I find that $140.00 for both Mr. Riley and Mr. Shane, and $105.00 for Ms. Moldenhauer is a reasonable hourly rate in the prevailing market area, which in this case is New Mexico.[14]  I next arrive at a lodestar amount by determining a reasonable number of hours which were expended on the preparation and filing of

---

[13] For example, Ayers requests "fees" for activities that seem to have been done as a client, e.g., reviewing materials sent by his lawyer Mark Riley at Riley, Shane and Hale.  Other examples are: entry for time spent preparing and sending Mr. Riley "payment of his retainer," Ayers Ex. 1, 4/29/02; review of Mr. Riley's letter regarding the filing of his reply to the motion to dismiss, Ex. 1, 5/30/02; review of material prepared by counsel for other Defendants, Exs. 1, 4/11/02, 4/25/02, 4/29/02.

[14] Plaintiffs' opposition to hourly rates submitted by Ayers concerned those rates which this Court is denying (e.g., $400.00 for Ayers' work on his own case).  Plaintiffs are correct, however, that the "relevant community" for purposes of calculating a reasonable hourly rate is the community where the litigation occurs.  Schmidt v. Kline, 172 F. Supp.2d 1178, 1181 (D.Kan. 2001) (citing Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir.1983)); Reazin et al. v. Blue Cross & Blue Shield of Kan. et al., 663 F.Supp.1360, 1452 (D.Kan. 1987) (Reasonable attorney fees generally are to be calculated according to the prevailing market rates in the relevant community in which the litigation occurs, even though the attorneys in question are from another area, and quality of performances to be considered and lawyers who are outside their expertise in a given case may deserve lower than nominal billing rates) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).

the motion to dismiss. The motion appears to have required the work of at least two attorneys from the law firm. Doc. 60, Exs. 1 & 2. I am allowing an award of fees for work done by both attorneys where the work does not overlap. See Norman v. Housing Auth of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988) (There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer); Walker v. U.S. Dept of Housing & Urban Dev., 99 F.3d 761, 768 (5th Cir. 1996) ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. . . .").

I am not allowing reimbursement for background legal research. Phelps v. Hamilton, 845 F.Supp. 1465, 1472 (D.Kan.1994), rev'd on other grounds, 76 F.3d 393, 1996 WL 50464 (10th Cir.1996) (hours spent familiarizing oneself with the general area of law should be absorbed in the firm's overhead and not be billed to the client); see, e.g., Doc. 60, Ex. 1, entries for 5/17/02 and 4/29/02. Much of the necessary research had already been done by counsel for Defendant Ashby, whose motion to dismiss was incorporated into Defendant Ayers' pleading. See Doc. 31, at 4 n.2; Doc. 32 ("motion for order to adopt by reference co-defendant Anne Ashby's motion to dismiss for lack of jurisdiction or to abstain from the exercise of jurisdiction").[15] As a result of my own review of the time records and opposing counsel's objections submitted in their supplemental oppositions (Doc. 68 and 69), the following are the time log entries for which the Court will award fees according to the hourly rates mentioned above:

---

[15] For the same reason, I am not awarding reimbursement for work performed by a person whom I assume is a paralegal, billing at an hourly rate of $55.00, for supportive legal research.

*Entries from Doc. 60, Ex. 1 (billed by "MJR")*

| | | |
|---|---|---|
| 4/24/02 | Read Att. Daley's Motion to Dismiss ("MTD") | $ 112.00 |
| 5/17/02 | telephonic conference | $  98.00 |
| 5/17/02 | confer regarding MTD | $  56.00 |
| 5/31/02 | work on reply to resp. to MTD | $ 350.00 |
| 6/04/02 | read Deft's Ashby's reply to MTD | $ 210.00 |
| 6/04/02 | review record proper | $  70.00 |
| 6/04/02 | read letter re: Judge Parson's Order | $  42.00 |
| 8/21/02 | draft memo instructing preparation of MTD | $  56.00 |

*Log Entries billed by "RJS"*

| | | |
|---|---|---|
| 4/29/02 | phone conversation re: MTD | $  14.00 |
| 4/29/02 | review, modify brief for MTD | $ 126.00 |
| 4/29/02 | motion to adopt by reference (2) | $  28.00 |
| 5/15/02 | review response to Parson's MTD | $  28.00 |
| 5/16/02 | review Griffin's MTD | $  42.00 |
| 5/27/02 | review letter re: MTD | $  14.00 |

*Log Entries billed by "MFM"*

| | | |
|---|---|---|
| 4/26/02 | confer MJR re: editing MTD | $  21.00 |
| 4/29/02 | revise arguments in brief | $ 262.50 |
| 4/29/02 | prepare motion to incorporate by reference | $  42.00 |
| 4/29/02 | prepare brief in support of MTD | $  42.00 |
| 4/29/02 | prepare Deft. Ayers' MTD | $  42.00 |
| 4/29/02 | phone call re: coordination of motions | $  31.50 |
| 5/15/02 | review opposition to Parson's MTD | $  31.50 |
| 5/15/02 | review Griffin's MTD | $  31.50 |
| 5/29/02 | confer MJR regarding reply to MTD | $  21.00 |
| 5/29/02 | review pltff's response and cases cited | $ 147.00 |
| 5/29/02 | review brief in support of MTD | $  52.50 |
| 5/29/02 | review selected motions & orders from probate | $ 136.50 |
| 5/29/02 | dictate reply in support of MTD | $ 262.50 |

**Total fees**      **$2369.50**

*Other Expenses*

Defendant Ayers also requests amounts of $168.46 and $133.09 representing expenses

12

related to photocopying, postage, long distance charges and travel. Doc. 60, Ex. 1 at 8. Plaintiffs objects to these charges as overhead which should not be reimbursed.  I find no basis in Defendants' submissions on which to conclude that Plaintiffs are incorrect in their characterization of these expenses.  Further, it is not clear from which expenses are specifically related to the motion to dismiss.  Therefore, Defendant Ayers will not be reimbursed for these expenses.  See Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983) (concluding that photocopying expenses, telephone and postage are usually assumed as part of a law firm's overhead, and thus no fee or cost award for those routine, customary expenses should be permitted).

On the other hand, I will award travel expenses in the amount of $122.54.  Doc. 60, Ex. 1 (8/5/02 "Travel Expense Mark J. Riley"). The entry corresponds to the date on which parties were ordered to attend *in person* a status conference before the magistrate judge.  Docs. 42, 43. Jane L. v. Bangerter, 61 F.3d 1505 (10th Cir. 1995)(not abuse of discretion to deny travel costs); cmp., American Civil Liberties Union of Georgia v. Barnes et al., 168 F.3d 423 (11th Cir. 1999) (Travel expenses of out-of-state attorneys whose presence at case status conference and court presentation were not necessary was not reasonable expense and thus not recoverable as part of § 1988 fee request).

*Statutory Award of Costs*

Ayers initially requested costs in two different amounts-- $418.22 and $445.45.  This Court's October 16th Order (Doc. 61) gave Defendant Ayers, as well as the other Defendants, a second opportunity to submit a *separate* and *itemized* cost bill to reflect those items taxable under 28 U.S.C. § 1920.   Ayer's response to the Court's request for clarification was not only a concession that some of the cost amounts might in fact overlap, but also a request that the Court

13

limit the cost award to $418.22 -- still without itemizing the amount, and still without submitting a separate cost bill. Doc. 64 at 2-3. There is no way to know what the nature of these costs are or whether they are taxable. Therefore, Ayers will not be awarded either amount.

C.     *Defendant Ashby*

Defendant Ashby requests a total of $7,567.70 ($3,608.23 for April; $1,708.32 for May; and $2,251.15 for the remainder of the time periods in July and August). Plaintiffs do not object to an hourly rate of $150.00, which appears reasonable to the Court as well. Plaintiffs do object, however, to the total amount of time (35.5 hours) for which Ashby seeks an award of fees. Having reviewed Defendant Ashby's time records, the following work activities will be reimbursed at the amounts shown, reflecting an hourly rate of $150.00:

*Entries Under Item A*

| Date | Description | Amount |
|---|---|---|
| 4/9/02 | Review federal complaint . . . (etc.) | $ 405.00 |
| 4/19/02 | analyze complaint, preparing answer. . . | $ 420.00 |
| 4/21/02 | compile chart of claims/defenses; draft MTD | $ 450.00 |
| 4/22/02 | work re: draft of brief on MTD; phone conference | $ 495.00 |
| 4/25/02 | work on memorandum on MTD | $ 150.00 |
| 4/27/02 | complete draft of MTD. . . (etc.) | $ 870.00 |
| 4/29/02 | final pleadings on MTD. . . (etc.) | $ 375.00 |

*Entries Under Item B*

| Date | Description | Amount |
|---|---|---|
| 5/13/02 | review response to Parson's MTD . . . (etc) | $ 450.00 |
| 5/15/02 | work on draft of reply for MTD | $ 150.00 |
| 5/20/02 | continue working on reply | $ 120.00 |

*Entries Under Item C*

| Date | Description | Amount |
|---|---|---|
| 6/17/02 | phone conference, review Parson's reply to MTD | $ 180.00 |

| | | |
|---|---|---|
| 8/1/02 | Travel to Roswell for status conference | $ 600.00[16] |
| | **Total fees** | **$ 4665.00** |

**THEREFORE,**

    **IT IS ORDERED** that Defendant Parsons' Motion for Attorney Fees and Costs **(Doc. 47)** is hereby GRANTED IN PART and DENIED IN PART as described above, in the amount of $4,662.50.

    **IT IS FURTHER ORDERED** that Defendant Ayers' Motion for Fees, Costs and Sanctions **(Doc. 48)** is GRANTED IN PART and DENIED IN PART in the amount of $2,492.04 ($2,369.50 plus $122.54 for travel expenses);

    **IT IS FURTHER ORDERED** that Defendant Ashby's Motion for Fees, Costs and Sanctions **(Doc. 49)** is GRANTED IN PART and DENIED IN PART in the amount of $4,665.00;

    **IT IS FURTHER ORDERED** that the Supplemental Motion by Defendant Ayers for fees, Costs and Sanctions **(Docs. 64-1, 64-2)** is GRANTED IN PART as described above in the determination of the fee award for this Defendant**;**

    **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Time to File Motion for

---

[16] Defendant requests $1,200.00 for travel requested for travel to Roswell to attend a status conference in early August 2002 (as mentioned above, parties were ordered to attend in person). Given the fact that Ms. Ashby's attorney is from Santa Fe, the amount requested is not reasonable. Half that amount ($600.00) will be reimbursed.

    Defendant Ashby has also submitted a bill of costs, which will be handled by the Cost Clerk. Doc. 50.

15

Limited Entry of Appearance and Responses to Motion for Attorney Fees and Costs, or in the Alternative, for Nunc Pro Tunc Entry of Limited Appearance by Richard Valle **(Docs. 58-1, 58-2)** is GRANTED IN PART as to **58-2** in that the Court will allow Mr. Valle to enter *nunc pro tunc* appearance, and will consider Mr. Valle's responses and objections to the motions for fees and costs;

**IT IS FINALLY ORDERED** that the Order Striking Plaintiff's Objection to Defendant Ashby's Cost Bill **(Doc. 56)** is hereby VACATED.

_____
UNITED STATES DISTRICT JUDGE